Robert REICH, Plaintiff,

v.

MIDWEST PLASTIC ENGINEERING, INC., et al., Defendants.

No. 1:94–CV–525.

United States District Court, W.D. Michigan, Southern Division.

Feb. 29, 1996.

Karen L. Mansfield, U.S. Department of Labor, Office of the Solicitor, Chicago, IL, for plaintiff.

David G. Thomas, Daniels, Sanders & Pianowski, Elkhart, IN, David A. Malson, Jr., Robert J. Nolan, Dunn Malson, Grand Rapids, MI, for defendants.

## OPINION

ROBERT HOLMES BELL, District Judge.

Before this court is defendant's motion for fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A), the Equal Access to Justice Act (EAJA). In addition, plaintiff has moved the court to strike defendant's second supplement to its motion. For the reasons that follow, defendant's motion is denied. Plaintiff's motion is rendered moot.

### I. Background

The United States Department of Labor (DOL) brought an action against Midwest Plastic Engineering, Inc. (Midwest) and Dennis E. Baker, alleging that defendants violated 29 U.S.C. § 2601, *et seq.*, the Family and Medical Leave Act of 1993 (the Act). After a bench trial, the court found that defendants had not violated the Act.[1] Specifically, it found that Ms. Van Dosen (Van Dosen), the Midwest employee whose employment had been terminated, had failed to provide adequate notice of her need to take the qualifying leave available under the Act or, alternately, that she failed to report periodically concerning her status per Midwest's reasonable requests.

### II. Was the Position of the DOL Substantially Justified?

Under the EAJA, a prevailing party is entitled to an award of fees and expenses unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Substantial justification has been construed to mean that the government's position had a "reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Trident Marine Constr., Inc. v. Dist. Eng'r,* 766 F.2d 974, 980 (6th Cir.1985). Not prevailing on the merits does not necessarily equate with a lack of substantial justification. *Pierce,* 487 U.S. at 569, 108 S.Ct. at 2552. Nor would it follow that the government's decision to litigate be based upon a substantial probability of prevailing. Formidable obstacles may face a government prosecution. "Substantial justification 'constitutes a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Johnson v. Meese,* 654 F.Supp. 265, 267 (E.D.Mich.1986) (citation omitted).

It is the opinion of this court that the DOL's position was not frivolous under the Act. Regardless of the government's motives, political or otherwise, it was a close case. The court found for the defendants because of the failure of Van Dosen to provide adequate notice of her need for the leave available under the Act or, in the alternative, because she failed to keep the defendant's

---

1. *Reich v. Midwest Plastic Eng'g., Inc., et al.,* Case No. 1:94–CV–525, 1995 WL 514851 (W.D.Mich. July 22, 1995).

apprised of her status per its requests. Nonetheless, the following facts were established: defendants were subject to the Act; Van Dosen was entitled to leave under the Act; Van Dosen was suffering from a "serious health condition" at the time she was terminated; Van Dosen had notified defendants of her condition (though certainly not to an appropriate extent), and defendants were aware that she was seven months pregnant; before contracting chicken pox, Van Dosen had been absent from work because her two children had contracted the same sickness; Van Dosen had a physician's release permitting her to return to work; Van Dosen's employment was terminated and the same was a result of her absence from work due to a serious health condition. These facts all contributed considerably to the DOL's position that the defendants had violated the Act. In evaluating whether the DOL's position was substantially justified, the case needs to be viewed as an "inclusive whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). Viewed as such, the court concludes that the DOL's position was substantially justified. Defendant's allegations concerning the DOL's alleged conduct with respect to settlement offers during the conciliation phase does not diminish the factual basis undergirding the government's prosecution of this case.

 With respect to the DOL's request for injunctive relief, such was a call to which it is entitled to some, though not "unbridled," discretion. *Martin v. Funtime, Inc.,* 963 F.2d 110, 113 (6th Cir.1992). The Sixth Circuit has held that the purpose of issuing an injunction under the Fair Labor Standards Act (FLSA) is to effectuate "general compliance" by "preventing recurring violations." *Id.* As such, an alleged ongoing violation is sufficient ground to prompt a prayer for injunctive relief. Current compliance is not necessarily sufficient ground to deny relief. *Id.* at 114. As the Act instructs the DOL to administer complaints in the same manner as it does for alleged violations of the FLSA, 29 U.S.C. § 2617(b)(1), seeking injunctive relief to prevent future violations of the Act is justifiable prosecutorial action under the Act.

Whether there was an ongoing violation goes to the merits of the case addressed *supra.*

An order consistent with this opinion will be entered.

### *ORDER*

In accordance with the opinion entered this date, **IT IS HEREBY ORDERED** that defendant's motion for fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A) is **DENIED.** Plaintiff's motion to strike defendant's second supplement to its motion is moot.